[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER PURSUANT TO § 47a-45a(a)
In this action brought pursuant to C.G.S. § 47a-43 et seq., a hearing took place under § 47a-43(b). At that hearing the defendant, appearing pro se, raised the defense that this statutory cause of action was not viable under C.G.S. § 47a-2(a). That statute provides in pertinent part
 Unless created to avoid the application of this chapter and sections . . . 47a-43 and 47a-46, the following arrangements are not governed by this chapter and sections . . . 47a-43 and 47a-46: . . . (4) transient occupancy in a hotel or motel or similar lodging; . . .
The plaintiff alleged and proved by a fair preponderance of the evidence the following facts. On April 1, 1995, he moved into the premises owned by the defendant, known as 217 Burnside Avenue, Apt. 14. On April 7, 1995, while the plaintiff was still in possession of the premises, the defendant entered, removed his possessions and changed the locks. The defendant continues to hold the possessions of the plaintiff[1]. At the conclusion of the hearing, the court ordered the defendant not to dispose of the possessions pending further order of the court.
The defendant argues that 1) § 47a-43 does not apply to him because the accommodations provided to the plaintiff were for "transient occupancy" in a hotel or motel or similar lodging; and 2) § 49-68 allows him to place a lien on the possessions of the defendant. The defendant bears the burden of proof on these defenses. Bourque v. Morris, 190 Conn. 364, 369 (1983).
In Bourque v. Morris, supra, the court set forth factors for the trial court to consider in determining if the arrangements fall under the exceptions under § 47a-2(a). "The issue must be decided upon the basis of reasonable inferences to be drawn from the circumstances of the transaction between them."190 Conn. at 369. There, the court noted as significant factors that the trial court considered: the defendant ran a licensed hotel the plaintiff signed a hotel registration card, the brief period of occupancy (three months), the rudimentary nature of the room accommodations (no cooking, bathing or toilet). In light of these factors, the Supreme Court affirmed the trial court's finding that CT Page 9657-G the occupancy was transient so that § 47a-43 did not apply.
Here, the defendant runs a licensed rooming house. (Ex. A). The agreement between the parties signed on March 30, 1995, provided for a weekly rental of $75 and a period of occupancy of 24 weeks. (Ex. B). The room occupied by the plaintiff has no kitchen or bathroom. The plaintiff had occupied a room in another rooming house owned by the defendant immediately preceding this occupancy. He had lived there for 5 to 7 months, and moved to these premises because the rent was cheaper. The "special agreement" (Ex. B) was prepared and edited by the defendant, and it includes the following language:
 In case of emergency, please contact Willie May Harris
(address) 2 Bidr Court Cromwell CT. (phone number) 635-4508, which is the permanent residence of the Guest.
 Should this temporary occupancy extend past six months, Guest will sign a new special agreement or move out upon request of Innkeeper.
While there is some indicia that the occupancy by the plaintiff was transient, the agreement between the parties provided for a period of occupancy of 6 months. Further, the documents prepared by the defendant for execution by the plaintiff appear to the court to be efforts to avoid the application of the summary process chapter. The court found the plaintiff's testimony regarding the nature of his occupancy credible and in light of the history between the parties and the term of the occupancy agreement, the court finds that the defendant has failed to prove that C.G.S. § 47a-2(a) bars this action. Specifically, the court finds that the defendant created this arrangement to avoid the application of the summary process statutes. In addition, for the foregoing reasons, C.G.S. § 49-68 does not apply to validate the removal and retention of the plaintiff's personal property.
Accordingly, the court finds the defendant committed an entry and detainer against the plaintiff, and awards a writ of restitution accordingly:
1. The plaintiff is restored immediately to the premises.
2. The defendant is ordered to return the personal property CT Page 9657-H seized and removed to the plaintiff no later than Wednesday, August 23, 1995.
In light of this ruling, there is no need for further hearings on the writ of restitution. The hearing scheduled for August, 24, 1995 will not be held.
Alexandra Davis DiPentima, Judge